## BOB BURRELL v. THE STATE.

### No. 451.　Decided February 16, 1910.

**Local Option—Name of Purchaser—Charge of Court.**

Where, upon trial of a violation of the local option law, the alleged purchaser testified that he bought no liquor from defendant, and the evidence further showed that the said whisky was delivered to a third party, the court erred in not submitting the requested charges on this phase of the case.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was · for violating the local option law. It is unnecessary to discuss the application for continuance as the witnesses may be obtained upon another trial. We are of opinion the case must be reversed upon the failure of the court to give requested instructions. The evidence discloses that about the time alleged in the pleading the witness King came into the town of Nacogdoches on the night train, and en route from the depot to his residence stopped in a restaurant to take lunch. Upon entering the restaurant he found several parties, among whom were Ted Bay, I. D. Parmely, and Mart Andies, who appeared to be drinking. He asked them if they had any whisky, and one of the crowd, Ted Bay, as witness remembered, said, "No, but I think we can secure some from Bob Burrell, who is working at the Redlands Hotel." They made up $1.50 with which to buy a quart of whisky, and gave it to Ted Bay. They all went to the Redlands Hotel, and on reaching that point they found appellant. Ted Bay asked him if he had any whisky. Appellant replied that he did not, but thought he might get him some, whereupon Ted Bay handed appellant the money. The witness never saw appellant any more until he brought back a quart of whisky, which he delivered to someone of the crowd, but witness did not remember who. He further testified on cross-examination that he had never purchased a drop of whisky from Bob Burrell in his life; that the money was made up between himself, Bay and Parmely, as he remembered the transaction, and that each one of them put in fifty cents, and this was handed to Ted Bay with which to purchase the whisky; that he did not know from whom appellant purchased the whisky; had nothing to do with buying it, and all he had to do with it was to put in fifty cents to make up the purse. This is the statement of the facts, except the evidence showing the local option law was in force in the county.

The court charged the jury, after submitting the theory upon which the conviction could be had, as follows: "But if you do not find that the defendant sold and delivered intoxicating liquors to Geo. S. King, or to said Geo. S. King through someone acting as the agent of the defendant in the sale and delivery of the intoxicating liquor, if any was sold and delivered by the defendant or someone who did some act for the defendant in the sale by defendant to the said Geo. S. King, you will acquit." Exception was reserved to this, and a special charge asked, as follows: "You are instructed in this case that if you find from the evidence that no whisky was delivered to Geo. S. King, but was delivered to one Ted Bay, and further find that the said Ted Bay gave to the defendant certain monies with which to buy whisky or intoxicating liquors and not to Geo. S. King, you will acquit the defendant." Appellant also requested this instruction: "You are instructed in this case that if you find from the evidence that the defendant, Bob Burrell, sold and delivered to one Ted Bay intoxicating liquors, and not Geo. S. King, you will find the defendant not guilty." These charges were refused, and we are of opinion they should have

been given. These charges presented an issue in the case favorable to appellant, which, if the jury believed, would entitle him to an acquittal.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*